# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Nancy  Wright** |
| | First Name        Middle Name                    Last Name |
| Debtor 2 | **Altonio  Utley** |
| (Spouse, if filing) | First Name        Middle Name                    Last Name |
| Case number | **19-10077** |
| (If known) | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a) This plan:
    ☐ contains nonstandard provisions.  See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$1,125.00** for the applicable commitment period of:

    ☑ 60 months; **or**

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____%  ☑ Debtor 2 **100**%

    ☐ Direct to the Trustee for the following reason:
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): _____

    (c) Additional Payments of **$0** (estimated amount) will be made on ___,___ (anticipated date) from  (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Nancy Wright** | Case number | **19-10077** |
|---|---|---|---|
| | **Altonio Utley** | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)    **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of **$4,500.00**.

   (c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Regional Acceptance | Automobile | $30,383.00 | 5.50% | $300.00 |

   (e)    **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

   (f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Santander Consumer USA | Automobile | $10,000.00 | 5.50% | $200.00 |
| Acceptance Now | all collateral | $500.00 | 5.5% | $25.00 |
| Acima Credit | all collateral | $500.00 | 5.5% | $25.00 |
| Farmers Furniture | all collateral | $500.00 | 5.5% | $25.00 |

   (g)    **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; **or** ☐ without interest:

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor | **Nancy Wright**<br>**Altonio Utley** | Case number | **19-10077** |
|---|---|---|---|

**None**

(h)'  **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100.00**% dividend or a pro rata share of $0, whichever is greater.

**5.**  **Executory Contracts.**

(a)  **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

(b)  **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

**6.**  **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

**7.**  **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

**8.**  **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| 1st Franklin Financial | household goods | all collateral |
| Empire Financial | household goods | all collateral |
| Empire Financial | household goods | all collateral |
| World Finance Corp/World Acceptance | household goods | all collateral |

**9.**  **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

**10.**  **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

**11.**  **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

**12.**  **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

GASB - Form 113 December 1, 2017

Debtor     **Nancy Wright**
           **Altonio Utley**                                    Case number     **19-10077**

13.    **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.    **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.    **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated:    **January 23, 2019**

                                              **/s/ Nancy Wright**
                                              **Nancy Wright**
                                                                    *Debtor 1*

                                              **/s/ Altonio Utley**
                                              **Altonio Utley**
                                                                    *Debtor 2*

                                              **/s/ Joseph E. Spires**
                                              **Joseph E. Spires**
                                                          *Attorney for the Debtor(s)*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

IN RE:       )

         )

Nancy Wright & Altonio Utley, )  Chapter 13

   Debtors.    )  Case No.: 18-11578 SDB

         )

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

Denoted with a * on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

Denoted with a ** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

Denoted with a *** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon an officer of the following insured depository institutions, via Certified Mail :

Denoted with a **** on attached Exhibit A.

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

Chapter 13 Trustee
U.S. Trustee

Dated: _1 - 23 - 19_____, 2019.

Joseph E. Spires
Bar No. 672271

Ward and Spires, LLC
PO Box 1493
Augusta, Georgia 30903
(706) 724-2640
Wardspires@aol.com

Label Matrix for local noticing
113J-1
Case 19-10077-SDB
Southern District of Georgia
Augusta
Wed Jan 23 10:37:24 EST 2019

(p)1ST FRANKLIN FINANCIAL CORPORATION
PO BOX 880
TOCCOA GA 30577-0880

Acceptance Now
Attn: Acceptancenow Customer Service / B
5501 Headquarters Dr
Plano TX 75024-5837

Acima Credit
9815 Monroe Street
4th Floor
Sandy UT 84070-4296

AmSher Collection Srv
4524 Southlake Parkway
Ste 15
Hoover AL 35244-3271

Capio Partners LLC
Attn: Bankruptcy
Po Box 3498
Sherman TX 75091-3498

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City UT 84130-0285

(p)CHOICE RECOVERY INC
1550 OLD HENDERSON ROAD
STE 100
COLUMBUS OH 43220-3662

Collectron Of Atlanta/Carter-Young
Attention: Bankruptcy
Po Box 92269
Atlanta GA 30314-0269

Comenity Bank/Avenue
Attn: Bankruptcy Dept
Po Box 182125
Columbus OH 43218-2125

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood MA 02062-2679

Credit Management, LP
Attn: Bankruptcy
Po Box 118288
Carrollton TX 75011-8288

Empire Financial
903 Greene Street
Augusta GA 30901-2231

(p)FARMERS FURNITURE
ATTN CORPORATE CREDIT DEPT
PO BOX 1140
DUBLIN GA 31040-1140

GR Health
PO Box 100176
Atlanta GA 30384-0176

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Joseph E. Spires
Ward and Spires, LLC
PO Box 1493
Augusta, GA 30903-1493

Huon Le
P.O. Box 2127
Augusta, GA 30903-2127

Midland Funding
2365 Northside Dr Ste 300
San Diego CA 92108-2709

Nancy Wright
Altonio Utley
3805 Barnett Crossing
Augusta GA 30909-9201

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

Receivable Recovery Service Llc
Rrs - Attn: Bankruptcy
110 Veterans Memorial Blvd Ste 445
Metairie LA 70005-4931

Regional Acceptance
Attn: Bankruptcy
1424 E Firetower Rd
Greenville NC 27858-4105

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth TX 76161-0244

Security Check
Attn: Bankruptcy Dept
2612 Jackson Ave W
Oxford MS 38655-5405

University Health Services
PO Box 1259
Dept 108512
Oaks PA 19456-1259

University Healthcare Systems
620 13th Street
Augusta GA 30901-1008

Altonio Utley
3805 Barnett Crossing
Augusta, GA 30909-9201

Verizon Wireless
Attn: Verizon Wireless Bankruptcy Admini
500 Technology Dr, Ste 550
Weldon Spring MO 63304-2225

World Finance Corp/World Acceptance
Attn: Bankruptcy
Po Box 6429
Greenville SC 29606-6429

Exhib.7 A

Nancy Wright
3805 Barnett Crossing
Augusta, GA 30909-9201

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

1st Franklin Financial
135 E Tugalo Street
Toccoa GA 30577

Choice Recovery
1550 Old Henderson Road
Suite 100
Columbus OH 43220

Farmers Furniture
Attn: Bankruptcy Department
Po Box 1140
Dublin GA 31040

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Joseph E. Spires
Ward & Spires, LLC
P O Box 1493
Augusta, GA 30903-1493

End of Label Matrix
Mailable recipients      30
Bypassed recipients       1
Total                    31